**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Bianka Yurelis Sequeira,

Petitioner,

v.

Unknown Party, *et al.*,

Respondents.

No. CV-26-02697-PHX-JJT (CDB)

**ORDER**

At issue is the Report and Recommendation (Doc. 19, "R&R") entered by United States Magistrate Judge Camille D. Bibles in this matter. The R&R recommended that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) be granted and that *pro se* Petitioner receive a bond hearing or be ordered released. In the R&R, Judge Bibles advised the parties that they "shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court" and that "[f]ailure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues." (R&R at 19-20.)

Judge Bibles entered the R&R on August 17, 2026 and any Objections were due no later than August 31, 2026. Respondents filed no objections; thus the Court deems their right to *de novo* consideration of Judge Bibles's factual and legal determinations waived. The result of that waiver and the adoption of Judge Bibles's reasoning and conclusions in the R&R is that in this habeas matter, Petitioner is entitled, as a matter of Due Process, to

a bond hearing before a neutral arbiter, if she remains in immigration custody pursuant to 8 U.S.C. § 1225(b). This does not end the matter however, as events in the immigration matter have proceeded to a point where this Court is unable to determine, based on the information before it at present, whether Petitioner is still being detained pursuant to Section 1225(b)—in other words, pending finality of removal proceedings—or pursuant to Section 1231(a)(1)(B) and (2), which would require her mandatory detention during the "removal period" where an order of removal has become final.

Although Petitioner's recitation of operative facts as to the status of her removal proceedings were unclear, Respondents' Status Report made clear that the IJ ordered Petitioner removed on August 4, 2026. (Doc. 20.) Respondents also provided a copy of the removal order dated that day. (Doc. 20-1.) A non-citizen in removal proceedings is afforded 30 days from entry of such a removal order to file a notice of appeal of that order to the BIA, and the removal order thus does not become final, triggering the removal period of Section 1231, until either the appeal is resolved by the BIA (or the applicable circuit court of appeals) or the non-citizen's right to appeal is waived. Waiver can occur either when 30 days elapses from the IJ's entry of the removal order with no notice of appeal having been filed with BIA, or when a non-citizen executes a valid waiver of their right to appeal. Respondents assert the latter occurred here. They point to a block at the end of the August 4 removal order, beneath the IJ's signature block, simply stating as follows:

| | | | |
|---|---|---|---|
| Appeal: | Department of Homeland Security: | X waived | ___ reserved |
| | Respondent : | X waived | ___ reserved |

(Doc. 20-1 at 5.) No signature appears for either party and the order does not mention what proceedings, if any, took place to determine whether the waiver of the right to appellate review was knowingly, voluntarily and intelligently made. Respondents take the position based on the above check-box that "Petitioner waived appeal, therefore the order is administratively final." (Doc. 20 at 1.) Petitioner does not agree. She asserts that she "did

not understand that she was required to affirmatively reserve her right to appeal at the conclusion of the proceedings" and therefore "did not knowingly and intelligently intend to abandon appellate review." (Doc. 17 at 1.) She further asserts that "after learning of the appellate procedure available to her, [she] promptly prepared and mailed a Notice of Appeal to the Board of Immigration Appeals." (Doc. 17 at 1.) The 30-day time to file a notice of appeal, if not previously and effectively waived, would have expired September 3, 2026.

To determine whether Petitioner waived her appeal of the removal order, either by filing no timely notice of appeal or by executing an effective waiver of her right, the Court requires additional information. It will order the parties to provide the following: by **September 14, 2026**, Respondents shall file on the docket a notice whether any component within EOIR has received a notice of appeal in this matter from Petitioner and the date of receipt, as well as any indicia of which Respondents are aware showing whether BIA has recognized and allowed the appeal or rejected it, and if rejected, on what basis. Respondents also shall provide to the Court by that date either the transcript or a digital recording of Petitioner's August 4, 2026 immigration hearing at which the removal order containing the purported check-box waiver of appellate review by the parties was created. Finally, Respondents may file by that date any briefing they wish to submit, not to exceed seven pages, supporting their position that such a waiver of appellate rights is effective, addressing the issues of a) whether Respondents can meet their burden of showing Petitioner's waiver was knowingly, intelligently and voluntarily made; and b) whether a check-box waiver executed before the expiration of the 30-day appeal time limit of 8 U.S.C. § 1252(b)(1) precludes a participant from thereafter changing course and pursuing

an appeal within the 30-day period. By **September 21, 2026**, Petitioner may file any response brief, not to exceed seven pages, addressing Respondents' waiver arguments.

**SO ORDERED**.

Dated this 8th day of September, 2026.

Honorable John J. Tuchi
United States District Judge